UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Michael Robert Robinson,                   Case No. 17-cv-5165 (WMW/HB)

Petitioner,

**ORDER ADOPTING REPORT AND RECOMMENDATION**

v.

Warden Karen Halverson,[1]

Respondent.

---

This matter is before the Court on the May 1, 2018 Report and Recommendation (R&R) of United States Magistrate Judge Hildy Bowbeer. (Dkt. 12.) The R&R recommends that Petitioner Michael Robert Robinson's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, be denied and that no certificate of appealability be issued. Robinson timely objected to the R&R. Because Robinson fails to demonstrate that he is entitled to relief, the Court overrules Robinson's objections and adopts the R&R.

Robinson's habeas petition alleges that he received ineffective assistance of counsel in violation of his constitutional rights. However, because the record does not support a determination that the performance of Robinson's counsel fell below an objective standard of reasonableness and that Robinson's counsel committed prejudicial error, the R&R recommends denying Robinson's petition. Robinson objects to the R&R's

---

[1] Petitioner Michael Robert Robinson's petition erroneously refers to Respondent Warden Kathy Halvorson as "Karen Halverson."

recommendation to deny his petition for failure to demonstrate that he received ineffective assistance of counsel.  Robinson also objects to the R&R's recommendation that the Court decline to issue a certificate of appealability.  The Court reviews Robinson's objections de novo.  *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam).

To establish ineffective assistance of counsel, Robinson must demonstrate that his counsel's performance was deficient and that such deficient performance prejudiced Robinson's defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Robinson argues that his guilty plea was not voluntary.  Instead, he contends, he pleaded guilty because his counsel coerced him to do so.  A defendant's statements during a plea hearing "carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings."  *See Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985) (internal quotation marks omitted).  During the hearing in which he entered his guilty plea, Robinson informed the court that he was not being forced to plead guilty; rather, it was his choice to do so.  On this record, there is nothing before the Court that supports a conclusion that Robinson's guilty plea was involuntary.  In light of the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *Strickland*, 466 U.S. at 689, neither Robinson's arguments before the Court nor the facts in the record support a determination that the performance of Robinson's counsel was constitutionally deficient or that Robinson's will was overborne.

Robinson also argues that the magistrate judge applied the incorrect legal standard to his petition.  But the legal authority that Robinson cites in support of this argument is

unavailing. *See, e.g.*, *United States v. Gonzalez-Lopez*, 548 U.S. 140, 148 (2006) (addressing right to hire counsel of one's choosing in contrast to the effective assistance of appointed counsel).

Finally, Robinson does not present any fact or legal argument that supports a determination that he has made a substantial showing that he was denied a constitutional right. By failing to do so, Robinson also fails to provide a basis for the Court to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2).

For these reasons, Robinson's objections are overruled.

## ORDER

Based on the R&R, the foregoing analysis, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Petitioner Michael Robert Robinson's objections to the R&R, (Dkt. 15), are **OVERRULED**.

2. The May 1, 2018 R&R, (Dkt. 12), is **ADOPTED**.

3. Robinson's Petition for Writ of Habeas Corpus, (Dkt. 1), is **DENIED**.

4. This action is **DISMISSED WITHOUT PREJUDICE**.

5. The Court declines to grant a Certificate of Appealability under 28 U.S.C. § 2253(c).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 31, 2018
s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge